**COMP**
JEAN WHITE
TEL. (949) 632-5133
34 BLACKBIRD LANE
ALISO VIEJO, CA 92656
Plaintiff Pro Se

```
_____ FILED       _____ RECEIVED
_____ ENTERED     _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

        FEB 0 2 2022

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEAN WHITE, an individual;
        Plaintiff,
vs.

5 ARCH INCOME FUND 2, LLC; 5AIF JUNIPER 2 DEP, LLC; 5AIF JUNIPER 2, LLC; 5AIF SYCAMORE 2 HOLDINGS, LLC; 5AIF SYCAMORE 2, LLC; DOES 1 through 10 and ROES BUSINESS ENTITIES 1 through 10, inclusive.
        Defendants.

CASE NO.   2:22-cv-00199-RFB-NJK

**COMPLAINT FOR:**

1. **STATUTORILY DEFECTIVE FORECLOSURE;**
2. **FRAUD/MISREPRESENTATION**
3. **FRAUD BY CONCEALMENT**
4. **BREACH OF CONTRACT**
5. **GROSS NEGLIGENCE**
6. **VIOLATION OF CBAPC SECTION 17200**
7. **CANCELLATION OF INSTRUMENTS**

**(JURY TRIAL DEMANDED)**

**NOW COMES** JEAN WHITE, ("Plaintiff") representing herself pro se, by and for her Complaint against Defendants 5 ARCH INCOME FUND 2, LLC; 5AIF JUNIPER 2 DEP, LLC; 5AIF JUNIPER 2, LLC; 5AIF SYCAMORE 2 HOLDINGS, LLC; 5AIF SYCAMORE 2, LLC; ROES 1-10 and DOES 1-10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located at 1764 Amarone Way, Henderson, NV 89012, (collectively, "Defendants"), and aver as follows:

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................... - 1 -

II. JURISDICTION AND VENUE ........................................................................... - 1 -

III. THE PARTIES ...................................................................................................... - 2 -

IV. GENERAL FACTUAL ALLEGATIONS ........................................................... - 3 -

V. FIRST CAUSE OF ACTION ............................................................................... - 8 -

VI. SECOND CAUSE OF ACTION .......................................................................... - 9 -

VII. THIRD CAUSE OF ACTION ............................................................................ - 11 -

VIII. FOURTH CAUSE OF ACTION ........................................................................ - 12 -

IX. FIFTH CAUSE OF ACTION ............................................................................. - 12 -

X. SIXTH CAUSE OF ACTION ............................................................................ - 12 -

XI. SEVENTH CAUSE OF ACTION ..................................................................... - 13 -

XII. PRAYER FOR RELIEF ..................................................................................... - 14 -

# I. PRELIMINARY STATEMENT

1. Plaintiff will diligently attempt, to articulate her claims in plain English, in an abbreviated manner as is customary, the pertinent facts and information asserted. However, as there are multiple and completely independent causes of actions pertaining to both publicly recorded and not recorded documents they are incorporated herein.

# II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $250,000.

3. This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1343, 12 U.S.C. § 2605 and 42 U.S.C. § 1983 which confers original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

4. This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

5. This Court has original jurisdiction over the claims in this action based on Nevada Revised Statute 107.080.

...

...

...

COMPLAINT 2/1/2022

- 1 -

## III. THE PARTIES

6. Plaintiff JEAN WHITE is now, and at all times mentioned herein, an individual residing in Orange County, in the State of California. At all times relevant to this action, Plaintiff has owned the real property commonly known as 1764 Amarone Way, Henderson, NV 89012 (hereinafter the "Property").

7. Plaintiff is informed and believes, and based on such information and beliefs aver, that at all relevant times to this Complaint, Defendant 5 ARCH INCOME FUND 2, LLC is a Delaware Limited Liability Company whose registered agent is VCORP SERVICES CA, INC. with an address for Service of Process of 330 N. Brand Blvd., Ste 700, Glendale, CA 91203.

8. Plaintiff is informed and believes, and based on such information and beliefs aver, that at all relevant times to this Complaint, Defendant 5AIF JUNIPER 2 DEP, LLC is a Delaware Limited Liability Company whose registered agent is The Corporation Trust Company with an address for Service of Process of Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

9. Plaintiff is informed and believes, and based on such information and beliefs aver, that at all relevant times to this Complaint, Defendant 5AIF JUNIPER 2, LLC is a Delaware Limited Liability Company whose registered agent is The Corporation Trust Company with an address for Service of Process of Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

10. Plaintiff is informed and believes, and based on such information and beliefs aver, that at all relevant times to this Complaint, Defendant 5AIF SYCAMORE 2 HOLDINGS, LLC is a Delaware Limited Liability Company whose registered agent is VCORP SERVICES CA, INC. with an address for Service of Process of 330 N. Brand Blvd., Ste 700, Glendale, CA 91203.

11. Plaintiff is informed and believes, and based on such information and beliefs aver, that at all relevant times to this Complaint, Defendant 5AIF SYCAMORE 2, LLC is a Delaware Limited Liability Company whose registered agent is VCORP SERVICES CA, INC. with an address for Service of Process of 330 N. Brand Blvd., Ste 700, Glendale, CA 91203.

12. Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

13. Any allegation about acts of any corporate or other business Defendant(s) means that the corporation or other business performed the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

14. Plaintiff is ignorant of the true identity and capacity of Defendants designated as Roes 1-10 and Does 1-10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Henderson, Nevada but will amend the Complaint when their identities have been ascertained according to proof within the time permitted. However, Plaintiff further alleges on information and belief that each such designated Defendant acted, and acts, as the authorized agent, representative and associate of the other Defendants in doing the things alleged herein.

### IV. **GENERAL FACTUAL ALLEGATIONS**

15. On or about February 3rd, 2020 Plaintiff refinanced the construction loan of her real property by executing a promissory note (hereinafter "Note") in favor of Pinnacle Lending Group, Inc. (hereinafter "Lender") secured by a Deed of

Trust (hereinafter "DOT") that was recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001595.

16. On or about February 20th, 2020 immediately following the recordation of the "DOT" that was recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001595, Pinnacle Lending Group, Inc. sold, assigned, and/or transferred all beneficial interest in the Subject Property to 5 Arch Funding Corporation. The assignment of the "DOT" was recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001596.

17. On or about February 20th, 2020 immediately following the recordation of the assignment of the "DOT" that was recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001596, 5 Arch Funding Corporation sold, assigned, and/or transferred all beneficial interest in the Subject Property to 5 Arch Income Fund 2, LLC. The assignment of the "DOT" was recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001597.

18. In direct violation of Nevada Revised Statutes ("NRS"), the recordation of the assignment of the "DOT" that was recorded in the Clark County Recorder's as Instrument #20200220-0001597 contained an addition selling, assigning, and/or transferring all beneficial interest in the Subject Property from 5 Arch Income Fund 2, LLC to 5AIF Juniper 2 Dep, LLC.

19. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the second assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20200220-0001597 was to obscure the transfer from 5 Arch Income Fund 2, LLC to 5AIF Juniper 2 Dep, LLC from the public view of the chain of title accessible from the Clark County Recorder's website.

...

COMPLAINT 2/1/2022

- 4 -

20. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the second assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20200220-0001597 was to avoid paying the recordation fees to the Clark County Recorder's office in direction violation of NRS.

21. In direct violation of NRS, the recordation of the assignment of the "DOT" that was recorded in the Clark County Recorder's as Instrument #20200220-0001597 contained a third sale, assignment, and/or transfer of all beneficial interest in the Subject Property from 5AIF Juniper 2 Dep, LLC to 5AIF Juniper 2, LLC.

22. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the third assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20200220-0001597 was to obscure the transfer from 5AIF Juniper 2 Dep, LLC to 5AIF Juniper 2, LLC from the public view of the chain of title accessible from the Clark County Recorder's website.

23. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the third assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20200220-0001597 was to avoid paying the recordation fees to the Clark County Recorder's office in direction violation of NRS.

24. On or about July 22nd, 2021 after the deceptive and possible fraudulent assignment recorded in the Clark County Recorder's Office on February 20th, 2020 as Instrument #20200220-0001597, 5AIF Juniper 2, LLC sold, assigned, and/or transferred all beneficial interest in the Subject Property back to 5 ARCH Income Fund 2, LLC. The assignment of the "DOT" was recorded in the Clark County Recorder's Office on July 22nd, 2021 as Instrument #20210722-0001826.

...

COMPLAINT 2/1/2022

- 5 -

25. In direct violation of NRS, the recordation of the assignment of the "DOT" that was recorded in the Clark County Recorder's as #20210722-0001826 contained a second sale, assignment, and/or transfer of all beneficial interest in the Subject Property from 5 ARCH Income Fund 2, LLC to 5AIF Sycamore 2 Holdings, LLC.

26. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the second assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20210722-0001826 was to obscure the transfer from 5 ARCH Income Fund 2, LLC to 5AIF Sycamore 2 Holdings, LLC from the public view of the chain of title accessible from the Clark County Recorder's website.

27. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the second assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20210722-0001826 was to avoid paying the recordation fees to the Clark County Recorder's office in direction violation of NRS.

28. In direct violation of NRS, the recordation of the assignment of the "DOT" that was recorded in the Clark County Recorder's as #20210722-0001826 contained a third sale, assignment, and/or transfer of all beneficial interest in the Subject Property from 5AIF Sycamore 2 Holdings, LLC to 5AIF Sycamore 2, LLC.

29. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the third assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20210722-0001826 was to obscure the transfer from 5AIF Sycamore 2 Holdings, LLC to 5AIF Sycamore 2, LLC from the public view of the chain of title accessible from the Clark County Recorder's website.

...

30. Plaintiff is informed and believe, and based on such information and beliefs, aver that it is clear and unequivocal that the third assignment of beneficial interest in the Subject Property contained within the document recorded as Instrument #20210722-0001826 was to avoid paying the recordation fees to the Clark County Recorder's office in direction violation of NRS.

31. Plaintiff is informed and believe, and based on such information and beliefs, aver that Defendants interfered with the distribution of construction draws resulting in breach of contract.

32. Plaintiff is informed and believe, and based on such information and beliefs, aver that Defendants' interference with the distribution of construction draws was malicious and intentional.

33. On or about August 26th, 2021 Defendant 5AIF Sycamore 2, LLC, by and through their purported agent Prestige Default Services, LLC, recorded a NOTICE OF BREACH AND DEFAULT AND ELECTION TO CAUSE SELL OF REAL PROPERTY UNDER DEED OF TRUST ("NOD") to be recorded in the Clark County Recorder's Office as Instrument #20210826-0001628.

34. The Debt Validation Notice attached to the "NOD" recorded in the Clark County Recorder's Office as Instrument ##20210826-0001628 purports that "The enclosed document relates to a debt owed to: **5 Arch Funding**".

35. Plaintiff is informed and believe, and based on such information and beliefs, aver that as evidenced by the Clark County Recorder's Office as well as the "NOD" recorded in the Clark County Recorder's Office as Instrument #20210826-0001628, that 5 Arch Funding held beneficial interest in the Subject Property for a mere few minutes before their beneficial interest was sold, assigned, and/or transferred in the Assignment recorded as Instrument #20200220-0001597.

…

Case 2:22-cv-00199-RFB-NJK   Document 1   Filed 02/02/22   Page 10 of 17

36. Plaintiff is informed and believe, and based on such information and beliefs, aver that as evidenced by the Clark County Recorder's Office as well as the "NOD" recorded as Instrument #20210826-0001628 that following 5 Arch Funding sale, assignment, and/or transfer of beneficial interest in the Subject Property the Deed of Trust and debt has been sold, assigned, and/or transferred an additional five (5) times.

37. Plaintiff is informed and believe, and based on such information and beliefs, aver that as evidenced by the Clark County Recorder's Office as well as the "NOD" recorded as Instrument #20210826-0001628 that as 5 Arch Funding held beneficial interest in the Subject Property for a mere few minutes before their beneficial interest was sold, assigned, and/or transferred in the Assignment recorded as Instrument #20200220-0001597 it is impossible for Plaintiff to owe or have missed a payment to 5 Arch Funding.

38. Plaintiff is informed and believe, and based on such information and beliefs, aver that a NOD purporting to have been recorded asserting a debt to 5 Arch Funding is not only nonsensical but statutorily defective pursuant to NRS.

## V. FIRST CAUSE OF ACTION
### STATUTORILY DEFECTIVE FORECLOSURE
(against Defendant 5AIF JUNIPER 2, LLC, and Associates in Fact)

39. Plaintiff re-alleges all preceding paragraphs 1-38 and incorporate them by reference as if fully set forth herein.

40. For her first and distinct cause of action Plaintiff requests that this court declare that, pursuant to NRS 107.080 the "NOD" recorded in the Clark County Recorder's Office as Instrument #20210826-0001628 is Statutorily Defective as it asserts debt owed to parties other than the purported holder of the Note and Deed of Trust.

COMPLAINT 2/1/2022

- 8 -

41. Plaintiff is informed and believe, and based on such information and beliefs, aver that Defendants knew or should have known that the "NOD" recorded in the Clark County Recorder's Office as Instrument #20210826-0001628 is Statutorily Defective as it contains both self-impeaching and false information.

## VI. SECOND CAUSE OF ACTION
### FRAUD/MISREPRESENTATION
(against all Defendants, and Associates in Fact)

42. Plaintiff re-alleges preceding paragraphs 1-41 and incorporate them by reference as if fully set forth herein.

43. For her second and distinct cause of action Plaintiff requests that this court declare that, pursuant to 205.395, Defendants have committed crimes against property by making False representations concerning title.

> *NV Rev Stat § 205.395 (2013) states:*
> *1. Every person who:*
> *(a) Claims an interest in, or a lien or encumbrance against, real property in a document that is recorded in the office of the county recorder in which the real property is located and who knows or has reason to know that the document is forged or groundless, contains a material misstatement or false claim or is otherwise invalid;*
> *(b) Executes or notarizes a document purporting to create an interest in, or a lien or encumbrance against, real property, that is recorded in the office of the county recorder in which the real property is located and who knows or has reason to know that the document is forged or groundless, contains a material misstatement or false claim or is otherwise invalid; or*
> *(c) Causes a document described in paragraph (a) or (b) to be recorded in the office of the county recorder in which the real property is located and who knows or has reason to know that the document is forged or groundless, contains a material misstatement or false claim or is otherwise invalid,*
> *has made a false representation concerning title.*
> *2. A person who makes a false representation concerning title in violation of subsection 1 is guilty of a category C felony and shall be punished as provided in NRS 193.130.*

COMPLAINT 2/1/2022

> *3. A person who engages in a pattern of making false representations concerning title is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 3 years and a maximum term of not more than 20 years, or by a fine of not more than $50,000, or by both fine and imprisonment.*
> *4. In addition to the criminal penalties imposed for a violation of this section, any person who violates this section is subject to a civil penalty of not more than $5,000 for each violation. This penalty must be recovered in a civil action, brought in the name of the State of Nevada by the Attorney General. In such an action, the Attorney General may recover reasonable attorney s fees and costs.*
> *5. Except as otherwise provided in this subsection, the owner or holder of the beneficial interest in real property which is the subject of a false representation concerning title may bring a civil action in the district court in and for the county in which the real property is located to recover any damages suffered by the owner or holder of the beneficial interest plus reasonable attorney s fees and costs. The owner or holder of the beneficial interest in the real property must, before bringing a civil action pursuant to this subsection, send a written request to the person who made the false representation to record a document which corrects the false representation. If the person records such a document not later than 20 days after the date of the written request, the owner or holder of the beneficial interest may not bring a civil action pursuant to this subsection.*
> *6. As used in this section, pattern of making false representations concerning title means one or more violations of a provision of subsection 1 committed in two or more transactions:*
> *(a) Which have the same or similar pattern, purposes, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics;*
> *(b) Which are not isolated incidents within the preceding 4 years; and*
> *(c) In which the aggregate loss or intended loss is more than $250.*
> *[1911 C&P 441; RL 6706; NCL 10394] (NRS A 2011, 338, 1748)*

44. Plaintiff is informed and believe, and based on such information and beliefs, aver that the assignments assignment recorded in the Clark County Recorder's Office as Instruments #20200220-0001597 and #20210722-0001826 are in direct violation of NRS 205.395.

45. Plaintiff is informed and believe, and based on such information and beliefs, aver that they were never informed of the transfers of beneficial interest in the loan as required NRS and Federal Law.

…

…

## VII. THIRD CAUSE OF ACTION
## FRAUD BY CONCEALMENT
### (against all Defendants, and Associates in Fact)

46. Plaintiff re-alleges preceding paragraphs 1-45 and incorporate them by reference as if fully set forth herein.

47. For her third and distinct cause of action Plaintiff requests that this court declare that, the assignments recorded in the Clark County Recorder's Office as Instruments #20200220-0001597 and #20210722-0001826 are Fraud by Concealment.

48. Plaintiff is informed and believe, and based on such information and beliefs, aver that the assignments recorded in the Clark County Recorder's Office as Instruments #20200220-0001597 and #20210722-0001826 are in direct violation of NRS as they purport to contain multiple assignments of the Subject Deed of Trust obscuring the names of the parties in the index of the Clark County Recorder's Office's website.

49. Plaintiff is informed and believe, and based on such information and beliefs, aver that Defendants knew or should have known that the assignments recorded in the Clark County Recorder's Office as Instruments #20200220-0001597 and #20210722-0001826 are in direct violation of NRS as they purport to contain multiple assignments and tractions obscuring true chain of title and the basic tenants statutes of fraud, the purpose of which is to prevent fraud and other injury that involve the sale or transfer of land, and contracts.

…

…

COMPLAINT 2/1/2022

- 11 -

## VIII. FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT
### (against all Defendants, and Associates in Fact)

50. Plaintiff re-alleges preceding paragraphs 1-51 and incorporate them by reference as if fully set forth herein.

51. For her fourth and distinct cause of action Plaintiff requests that this court declare that, Defendants breached the contract of the construction loan by interfering with the disbursements to the contractor, sub-contractors and suppliers for which the construction loan's sole purpose.

## IX. FIFTH CAUSE OF ACTION
## GROSS NEGLIGENCE
### (against all Defendants, and Associates in Fact)

52. Plaintiff re-alleges preceding paragraphs 1-51 and incorporate them by reference as if fully set forth herein.

53. For her fifth and distinct cause of action Plaintiff requests that this court declare that, Defendants committed Gross Negligence by acting unilaterally and without authority in direct violation of the loan agreement.

...

## X. SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA
## BUSINESS AND PROFESSIONAL CODE SECTION 17200
### (against all Defendants, and Associates in Fact)

54. Plaintiff re-alleges all preceding paragraphs 1-53 and incorporate them by reference as if fully set forth herein.

55. For her sixth and distinct cause of action Plaintiff is informed and believe, and based on such information and beliefs, aver that the Court has supplemental jurisdiction over the California Business and Professional Code Section 17200.

56. Plaintiff requests that this court declare that, Defendants actions violated the California Business and Professional Code Section 17200.

## XI.  SEVENTH CAUSE OF ACTION
## CANCELLATION OF INSTRUMENTS
(against all Defendants, and Associates in Fact)

57. Plaintiff re-alleges all preceding paragraphs 1-56 and incorporate them by reference as if fully set forth herein.

58. For her seventh and distinct cause of action Plaintiff requests that this court declare that Defendants relentlessly conducted an abusive *pattern and practice* of statutorily defective and direct violations of NRS.

59. Due to the actual and real controversy regarding Plaintiff's claims and allegations, it is necessary that the Court declare that declare that the Deed of Trust, that was recorded in the Clark County Recorder's Office on March 27th, 2019 as Instrument #20190327-0001601 is void ab initio as Defendants fraudulent actions and unclean hands have irreparably harmed Plaintiff and corrupted title to the subject property.

…

…

…

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

a) For the Court to declare that, pursuant to NRS that the Notice of Default recorded in the Clark County Recorder's Office as Instrument #20210715-0002079 is Statutorily Defective;

b) For general and special damages according to proof at trial, but not less than $5,000,000.00 against Defendants;

c) For a declaratory judgment as to Plaintiff's Claims of Fraud/Misrepresentation;

d) For a declaratory judgment as to Plaintiff's Claim of Fraud by Concealment;

e) For a declaratory judgment as to Plaintiff's Claims Gross Negligence;

f) For a declaratory judgment as to Plaintiff's Claim of Breach of Contract;

g) For a declaratory judgment as to Plaintiff's Claim of violation of California Business and Professional Code Section 17200;

h) For a declaratory judgment as to Plaintiff's Claim of Cancellation of Instruments;

i) For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

j) For injunctive relief enjoining Defendants, their agents or employees, from pursuing any claims against Plaintiff's property;

k) For injunctive relief enjoining Defendants, their agents or employees, from pursuing any foreclosure action Plaintiff's on property.

l) For costs of suit;

m) For attorney's fees where authorized by statute or law;

n) For such other relief as the court deems just and proper.

...

Dated this 1st day of February, 2022

X _____
JEAN WHITE