UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jean White,<br><br>          Plaintiff,<br><br>     v.<br><br>5 Arch Income Fund 2, LLC et al.,<br><br>          Defendants. | Case No. 2:22-cv-00199-RFB-NJK<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court are three pending motions. First, there is a Motion to Dismiss the Second Amended Complaint, filed by Defendants 5 Arch Income Fund 2, LLC, 5AIF Juniper 2 Dep, LLC, 5AIF Juniper 2, LLC, 5AIF Sycamore 2 Holdings, LLC, and 5AIF Sycamore 2, LLC. ECF No. 35. Second, there is a Motion to Dismiss the Second Amended Complaint filed by Defendant 5 Arch Funding Corp. ECF No. 45. Third, there is Plaintiff Jean White's Temporary Restraining Order. ECF No. 53. For the reasons stated below, Defendants' Motions to Dismiss are granted and Plaintiff's request for injunctive relief is denied.

## II.     PROCEDURAL BACKGROUND

Plaintiff Jean White ("Plaintiff") commenced this case by filing a Complaint on February 2, 2022 against the following Defendants: 5 Arch Income Fund 2, LLC, 5AIF Juniper 2 Dep, LLC, 5AIF Juniper 2, LLC, 5AIF Sycamore 2 Holdings, LLC, 5AIF Sycamore 2, LLC ("Original Defendants"). ECF No. 1. Plaintiff filed a Notice of Lis Pendens the same day. ECF No. 3. On May 9, 2022, Original Defendants moved to dismiss the Complaint. ECF No. 7. On May 24, 2022, Plaintiff filed an Amended Complaint against Original Defendants ("FAC"). ECF No. 11. On June

14, 2022, Original Defendants filed a Motion to Dismiss the FAC. ECF No. 15. On July 5, 2022, the Motion was fully briefed. ECF Nos. 16, 17. On December 1, 2022, Plaintiff filed a Motion for leave to file a second amended complaint. ECF No. 19. The Motion was fully briefed on December 20, 2022. ECF Nos. 22, 23. On December 27, 2022, the Court granted the Motion and ordered Plaintiff to file her proposed Second Amended Complaint to the docket and serve it on all Defendants. ECF No. 24. Plaintiff filed her Second Amended Complaint on January 4, 2023. ECF No. 28. In the SAC, Plaintiff brings suit against the Original Defendants and the following additional named Defendants: 5 Arch Funding Corp., Prestige Default Services, LLC. Id. In the SAC, Plaintiff raises thirteen causes of action and seeks declaratory relief, general and special damages, punitive damages, treble damages, and fees and costs. Id. On January 17, 2023, the Court denied the pending Motions to Dismiss the Complaint and FAC as moot. ECF No. 32.

On January 18, 2023, Original Defendants filed a Motion to Dismiss the SAC. ECF No. 35. The Motion was fully briefed on February 8, 2023. ECF Nos. 38, 40. On January 27, 2023, Original Defendants filed a Motion to Stay Discovery. ECF No. 37. The Motion was fully briefed on February 16, 2023. ECF Nos. 42, 44. On March 3, 2023, the Court granted the Motion to Stay Discovery. ECF No. 47.

On February 24, 2023, Defendant 5 Arch Funding Corp. filed its Motion to Dismiss the SAC. ECF No. 45. The Motion was fully briefed on March 17, 2023. ECF No. 52.

On May 31, 2023, Plaintiff filed a Motion for a Temporary Restraining Order. ECF No. 53. Plaintiff has proceeded pro se throughout the litigation, however this Motion was filed by a Mr. James Kent, Esq.; to date, Mr. Kent has not filed a Notice of Appearance in this matter. Id. Defendants responded to Plaintiff's Motion on June 14, 2023. This order follows.

### III.   FACTUAL ALLEGATIONS

In the SAC, Plaintiff alleges that she currently resides in California, but owns the property located 1764 Amarone Way, Henderson, NV 89012 ("Subject Property").

She alleges that a Note and Deed of Trust ("Note and DOT") secured by the Subject Property was recorded at the Clark County Registrar's Office on February 20, 2020, and that these

documents were executed on January 29, 2020 ("Recorded Document 1596") and January 30, 2020 ("Recorded Document 1597"). The Recorded Documents do not have a recordation date or an instrument number associated with the Note and DOT that they internally reference. Plaintiff was not informed about this change in ownership of her mortgage. In rapid succession, the loan was assigned and re-assigned an additional three times, and Plaintiff was not informed of any of these changes. Furthermore, Plaintiff's Note and Deed of Trust was only issued on February 3, 2020, by Pinnacle Lending Group, LLC, and only executed on February 6, 2020. The Note and DOT was also recorded on February 20, 2020 ("Recorded Document 1595").

On August 26, 2021, a Substitution of Trustee under the Deed of Trust was recorded and executed by 5AIF Sycamore 2, LLC and substituted Prestige Default Services as the Trustee ("Recorded Document 1627"). ECF No. 35-1 at 55. The same day, a Notice of Default and election to sell ("NOD") was recorded ("Recorded Document 1628"). ECF No. 35-1 at 57. On or about January 24, 2022, Plaintiff informed defense counsel, Defendants, and the loan servicer that (1) the non-judicial foreclosure sale was statutorily defective; (2) the NOD contained flawed information (erroneous parties, incorrect debt amount and defective assignments of the Note and DOT); and the DOT was executed on February 6, 2020, not any date prior to that. Defendants refused to rescind or correct the defects in the assignments.

On or about February 2, 2022, Plaintiff informed the loan servicer and defendants that she had commenced this case. She recorded a Lis Pendens the same day and delivered a copy of both the Complaint and the Lis Pendens to the Las Vegas Legal News. On February 3, 2022, the Subject Property was sold at a Trustee's Sale.

### IV. LEGAL STANDARD

#### A. Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Motion for a Temporary Restraining Order**

A temporary restraining order (TRO) may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,

555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### V.    DISCUSSION

In reviewing the three motions pending before it, the Court takes judicial notice of relevant recorded documents as they are "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations omitted); see generally NRS § 52.085 (allowing parties to obtain a copy of a document from a county recorder's office to authenticate the writing). Plaintiff has incorrectly attached—and sometimes entirely omitted—certain exhibits to the SAC; for ease of reference, the Court cites to Original Defendants' exhibits.

The Court denies Plaintiff's Temporary Restraining Order ("TRO") because the Winter factors do not weigh in favor of granting injunctive relief, especially since Plaintiff does not have a likelihood of success on the merits. The Court grants Defendants' Motions to Dismiss. Although Plaintiff raises thirteen causes of action, Plaintiff has failed to articulate a claim on which relief may be granted.

#### A. Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order (ECF No. 53)

Plaintiff states she is entitled to injunctive relief because Defendants obtained a deficiency judgment in another jurisdiction and engaged in "a scheme to cripple Plaintiff." In her Motion, Plaintiff does not state what specific form of injunctive relief she seeks. She does not specify which

court granted the deficiency judgment or provide a case number for reference. She states that she has a likelihood of success on the merits, because the chain of assignments in this case began before the Note and DOT were executed, and that is the relevant date, rather than the date of recordation. Plaintiff further argues that she will suffer irreparable harm because such harm extends to efforts to enforce a deficiency judgment and is not limited to the loss of real property. Plaintiff argues the balance of the equities tip in her favor, because she will continue to not be able to use the subject premises, whereas Defendants would be merely restrained from "conducting collection efforts, on a deficiency judgment on property in which they may not actually have had security interest . . . ." Plaintiff finally argues that a *de minimis* bond would be sufficient, in light of the facts alleged in the SAC.

Defendants counter that Plaintiff's is not entitled to injunctive relief because she has not satisfied any of the requirements under Winter. Defendants explain that Plaintiff owed the foreclosing lender, 5AIF Sycamore 2, LLC, more than the amount for which the Subject Property sold at the February 3, 2022 foreclosure sale. On July 6, 2022, 5AIF Sycamore 2, LLC commenced a civil action for a deficiency judgment in the Eighth Judicial District Court, Clark County, Nevada (Case No. A-22-855042-C). In that case, 5AIF Sycamore 2, LLC was granted a deficiency judgment on November 1, 2022. ECF No. 54-1. Plaintiff does not have a likelihood of success on the merits since she cites to no statutory provision supporting her argument that the ultimate foreclosure sale was void. None of the references to the Nev. Rev. Statutes has any bearing on the arguments Plaintiff advances; here, no action was taken to enforce the DOT until the NOD was recorded and Plaintiff's arguments about the chain of title are not supported by any caselaw or statutory provision.

Defendants further argue that Plaintiff is not likely to suffer irreparable harm in the absence of preliminary relief; she lost ownership of the Subject Property more than a year ago through the February 3, 2022, foreclosure sale. The balancing of the equities also favors Defendants. Were the Court to deny the motion, Plaintiff would be subject to collection on a money judgment that a court of competent jurisdiction made against her; if the Court grants the Motion, it would be overruling its sister court, and preventing recourse for 5AIF Sycamore 2, LLC who is entitled to a money

judgment. Plaintiff is also incorrect that there is a "strict" compliance standard in Nevada for nonjudicial foreclosures, as the statute sets a substantial compliance standard. Finally, Nevada law already limits deficiency judgments to only certain circumstances. It would not be in the public interest for this Court to sidestep the legislature and impose further limits in this context when a state court judge has already granted a deficiency judgment against Plaintiff.

The Court denies Plaintiff's Motion for three main reasons. First, her motion fails to sufficiently articulate the relief requested, fails to provide relevant details about the deficiency judgment that she believed should not be enforced, and fails to present any arguments why the motion should proceed *ex parte*. Separately, Plaintiff fails to show that the Winter factors tipped in her favor. Plaintiff lost her state court case and is now responsible for a deficiency judgment of $471,725.31 plus post-judgment interest (as of November 1, 2022). Plaintiff has not shown that she has a likelihood of success on the merits in this case, and, for the reasons stated below, the Court grants Defendants' Motions to Dismiss. Plaintiff argues that the execution date, rather than recordation, determines whether the chain of assignments is valid or invalid; however, she does not cite any legal grounds to support this theory. See Indep. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (internal citation and quotation marks omitted) (stating that courts cannot "manufacture arguments" for litigants).

Having concluded that the first factor does not support Plaintiff's Motion for injunctive relief, the Court need not address the other factors. See, generally, Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009) (finding that the district court did not abuse its discretion in denying a preliminary injunction after investigating only the first Winter factor).

As motions for a temporary restraining order request extraordinary relief, it is Plaintiff's burden to show she is entitled to such relief. Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Plaintiff has not satisfied that burden here. For all of these reasons, Plaintiff's Motion for a Temporary Restraining Order is denied.

### B. Original Defendants' Motion to Dismiss (ECF No. 35)

Original Defendants make five main arguments in their Motion. First, Plaintiff's first three causes of action for declaratory relief are moot, as there is no dispute between the parties that the

7

Note and DOT were not assignable, sellable, transferable, or enforceable until the DOT was recorded on February 20, 2020. Second, Plaintiff does not cite to any statute or common law principle in relation to her fourth, fifth, and sixth causes of action, and though Plaintiff frequently references Nev. Rev. Statutes ("NRS") § 106.210 in the SAC, it too does not support these causes of action. Third, Plaintiff's seventh and eighth causes of action, which advance a wrongful foreclosure theory, must be dismissed because the foreclosure sale was carried out by a properly substituted trustee (Prestige Default Services, LLC). Fourth, Plaintiff has not stated enough facts to support her tenth, eleventh, and thirteenth causes of action, which are based in two separate federal statutes: the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"). Fifth, Plaintiff's twelfth cause of action is brought pursuant to a federal criminal statute and must therefore be dismissed.

Plaintiff argues that Original Defendants misrepresent the factual allegations in the SAC. Original Defendants suggest there is no dispute regarding the ordering of the recorded instruments referenced in the SAC. Original Defendants do not reference the Assignment of the Note and DOT dated January 29, 2020 (Recorded Instruments 1596 and 1597); at root, Plaintiff is arguing that these recorded instruments raise questions as to the validity of the foreclosure sale held in March 2022.

Plaintiff further argues that Original Defendants make legal misrepresentations. They argue Plaintiff's seventh and eighth causes of action advance a wrongful foreclosure theory, when Plaintiff actually alleges that the trustee's foreclosure was statutorily defective. Plaintiff opines that Original Defendants seek to misrepresent these causes of action to the Court because they do not deny that the foreclosure was statutorily defective. Plaintiff does not reference or address Original Defendants' arguments that her eleventh and thirteenth causes of action fail to state a claim under the TILA.

Original Defendants counter that Plaintiff fails to rebut their arguments and cannot—and does not—cite to any relevant caselaw. In the SAC, Plaintiff seeks declaratory relief that the Note and DOT did not exist and had no legal effect until they were executed by Plaintiff and that the DOT was not enforceable until it was recorded on February 20, 2020. When Original Defendants

8

admit that this is true, Plaintiff pivots to the clerical error on DOT-1596 and DOT-1597, which are dated January 29, 2020, to claim that 5AIF Sycamore 2, LLC is not actually the successor-in-interest to original lender Pinnacle Lending Group, Inc. Plaintiff does not dispute, however, that Plaintiff received a loan from Pinnacle Lending Group in early February 2020, and Plaintiff does not allege that some entity other than 5AIF Sycamore 2, LLC claims to be the secured lender at any time from the date of the foreclosure sale to the present. There is no actual controversy between the parties about when the DOT was executed or recorded.

As to Plaintiff's claims under federal law, Original Defendants argue that Plaintiff waived her TILA claims by not responding to the arguments in the Motion to Dismiss and only repeated vague allegations in the SAC related to her FDCPA claim. Finally, Plaintiff does not rebut Original Defendants' argument that Prestige Default Services LLC became the beneficiary of the deed of trust before the relevant notice of default was recorded; the documents attached to the SAC show that the DOT was assigned to Prestige Default Services, LLC on August 26, 2021 by Instrument No. 20210826-0001627 (Recorded Document 1627) and that the relevant Notice of Default was issued later, on the same day, through Instrument No. 20210826-0001628 (Recorded Document 1628). Because the assignment preceded the notice of default, the foreclosure sale is not statutorily void.

The Court agrees with Original Defendants that Plaintiff has waived her causes of action brought under the TILA. The Court therefore dismisses Plaintiff's eleventh and thirteenth causes of action as to Original Defendants. As there is no private right of action pursuant to federal criminal statutes, Plaintiff's twelfth cause of action is also dismissed as to all Defendants. Original Defendants cannot challenge Plaintiff's ninth cause of action as it is only brought against Prestige Default Services only.

The Court grants Original Defendants' Motion as to Plaintiff's remaining causes of action for the reasons stated below.

### a. Claims for Declaratory Relief

A declaratory relief claim can be pursued for any question regarding construction of a contract. See NRS § 30.040(1). Declaratory relief is warranted where the following elements are

9

met: "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." Cty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch, 961 P.2d 754, 756 (Nev. 1998) (citation omitted).

Plaintiff first asks the Court to declare that the Note and DOT dated February 3, 2020 "did not exist and had no legal effect until they were executed by Plaintiff on February 6, 2020, and that the DOT was not enforceable until it [was] recorded in the Clark County Recorder's Office on February 20, 2020, as Instrument [No.] []20200220-0001595." ECF No. 28 at 29. Plaintiff also asks the Court to declare that the Trustee's Sale held in March 2021 was statutorily defective, to order the Trustee's Deed be rescinded, to order that the NOD also be rescinded, and to declare that Defendant 5AIF Sycamore 2, LLC violated NRS 107.080. Id.

At issue is what weight, if any, to give assignments of the Deed of Trust dated on January 29, 2020 but recorded on February 20, 2020.  Plaintiff makes a confusing and elaborate argument that the entire chain of assignment is void because of two documents, Instrument No. 20200220-0001596 (Recorded Document 1596) and Instrument No. 20200220-0001597 ("Recorded Document 1597"). Recorded Document 1596 assigned the Note and DOT from Pinnacle Lending Group, Inc. to 5 Arch Funding Corp. Recorded Document 1597, which was executed on January 30, 2020, assigned the Note and DOT from 5 Arch Funding Corp to 5 Arch Income Fund 2, LLC, from 5 Arch Income Fund 2, LLC to Juniper 2 DEP, LLC and from Juniper 2 DEP to 5AIF Juniper 2, LLC. Id. at 44. Both documents were recorded on February 20, 2020, after the DOT was recorded.  Id. at 39, 44.

Pursuant to NRS § 106.210(1), "[a]ny assignment of a mortgage of real property and any assignment of the beneficial interest under a deed of trust must be recorded in the office of the recorder of the county in which the property is located, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. A mortgage of real property which has been assigned may not be enforced unless and until the assignment is recorded . . . ." Plaintiff cites to NRS § 106.220 which relates to the "filing and recording of instruments subordinating or waiving priority of mortgages or deeds of trust" and the

"effect of unrecorded instruments" in that context. In this case, there is no allegation of multiple liens on the property; this is not a case, for example, involving a Homeowners' Association (HOA) superpriority lien. See, e.g., Bank of Am., N.A. v. SFR Invs. Pool 1, LLC., 134 Nev. 604, 610 (2018) ("Diamond Spur") (explaining the effect of legal tender on the recorded writing requirement enshrined in NRS § 106.220). NRS § 106.220 is wholly inapplicable to this matter.

As Plaintiff acknowledges, here, the Note and DOT and assignments of the DOT only went "into effect" for all legal purposes on the date of recording (February 20, 2020). The DOT is indexed as Recorded Document 1595. Therefore, the DOT was indexed before the assignments in Recorded Documents 1596 and 1597. The Court does not find that the documents were improperly indexed, and Plaintiff has not shown, pursuant to any statute or binding precedent, that the Clark County Recorder's office committed an error in indexing these documents. The Court therefore dismisses Plaintiff's first through sixth causes of action as to Original Defendants.

Pursuant to NRS § 107.028(5), "[t]he appointment of a new trustee is not effective until the substitution of trustee is recorded." Recorded Document 1627, which substituted Prestige Default Services, LLC as the trustee on August 26, 2021, was recorded before Recorded Document 1628, the NOD that was issued on the same day. Because the substitution of trustee was recorded before the notice of default, the foreclosure sale is not statutorily void. The Court dismisses Plaintiff's seventh and eighth cause of action as to Original Defendants.

### i. Ninth Cause of Action against Prestige Default Services, LLC

Plaintiff's ninth cause of action asserts that Prestige Default Services violated NRS 107.028 in the execution of the sale of the property. Plaintiff's claim is based on the same theory that underlies her seventh and eighth causes of action. According to Plaintiff, since 5AIF Sycamore 2 lacked the authority to substitute Prestige as Trustee, Prestige necessarily also lacked authority to conduct the foreclosure sale. The Court has already found that Recorded Documents 1596 and 1597 were not improperly indexed and that the substitution of the trustee was recorded before the notice of default. Plaintiff does not point to any additional statute or law to support her argument that Prestige was improperly substituted. The Court finds Plaintiff's ninth cause of action is duplicative of her seventh and eighth causes of action and therefore dismisses it on the same

grounds. See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.")

### b. FDCPA claims

Plaintiff asks the Court to declare that Original Defendants violated the FDCPA by engaging in abusive, deceptive, and unfair debt collection practices. To state a claim under the FDCPA, the plaintiff must plead that (1) she is a consumer, (2) she was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA. See Turner v. Cook, 362 F.3d 1219, 1227-28 (9th Cir. 2004); see also 15 U.S.C. § 1692e (FDCPA provision prohibiting false, deceptive, or misleading representations in the collection of a debt). On the face of the SAC, Plaintiff has not pled any facts that support an FDCPA claim. The Court therefore dismisses Plaintiff's tenth cause of action as to all Original Defendants.

### C. Defendant 5 Arch Funding Corp.'s Motion to Dismiss (ECF No. 45)

As previously mentioned, Plaintiff's ninth cause of action is as to Prestige Default Services LLC only. The Court has already dismissed Plaintiff's twelfth cause of action against all Defendants. The Court further finds that Plaintiff has waived her TILA claims as to 5 Arch Funding Corp. The Court considers 5 Arch Funding Corp.'s Motion to Dismiss as to the remaining causes of action in the SAC: Plaintiff's first through eighth cause of action and Plaintiff's tenth cause of action.

Defendant 5 Arch Funding Corp. argues that these causes of action should be dismissed for two main reasons. First, the parties do not dispute that 5 Arch Funding Corp. was assigned the Note and DOT on February 20, 2020, by the original lender; 5 Arch Funding Corp. subsequently assigned the same to 5 Arch Income Fund 2, LLC. Despite 5 Arch Funding Corp.'s limited involvement in the chain of title, Plaintiff brings thirteen separate causes of action against it. Second, 5 Arch Funding Corp. took no action to enforce the DOT, and the foreclosure was properly brought by the substitute trustee, Prestige Default Services, LLC.

Plaintiff counters that the Note and DOT (Recorded Document 1595), dated February 3,

2020, did not exist and had no legal effect until they were executed by Plaintiff on February 6, 2020; because Recorded Documents 1596 and 1597 were executed on January 29, 2020, more than a week before the Note and DOT existed, they are void *ab initio*.

For the reasons stated above, these documents only became legally enforceable on February 20, 2020, when they were recorded in the Clark County Recorder's office. The Note and DOT were recorded first (1595), then the first assignment (1596) and then the subsequent chain of assignments (1597). Plaintiff has not pointed to any caselaw or statutory law that requires this Court to consider anything beyond the date of recording, and the order in which the documents were recorded, to determine when any of these documents became legally enforceable.

The Court agrees with 5 Arch Funding Corp. that Plaintiff has not sufficiently alleged any cause of action against it. Therefore, the Court grants 5 Arch Funding Corp.'s Motion to Dismiss.

## VI.   CONCLUSION

**IT IS ORDERED** that Original Defendants' Motion to Dismiss is GRANTED (ECF No. 35). 5 Arch Income Fund 2, LLC, 5AIF Juniper 2 Dep, LLC, 5AIF Sycamore 2 Holdings, LLC, and 5AIF Sycamore 2, LLC, are dismissed from this case.

**IT IS FURTHER ORDERED** that Plaintiff's ninth cause of action is dismissed. Prestige Default Services, LLC is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant 5 Arch Funding Corp.'s Motion to Dismiss (ECF No. 45) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 53) is DENIED.

DATED: <u>September 30, 2023</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**